

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUIS GALEGO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RENEE BAKER, et al.,<br><br>　　　　Defendants. | Case No. 3:12-cv-00217-RCJ-WGC<br><br>**ORDER** |

　　　　Plaintiff has submitted an application to proceed in forma pauperis (#12). The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installment payments. 28 U.S.C. § 1915(b)(2).

　　　　Plaintiff has submitted an amended complaint (#13). The court has reviewed it, and the court will dismiss this action.

　　　　When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that officials at the Ely State Prison are not giving him the necessary treatment for arthritis in plaintiff's knee and ankle. This is the second time in a year that plaintiff has made these allegations. Earlier, the court held:

> The court is no stranger to these allegations. The court takes judicial notice of Galego v. Scott, 3:10-CV-00758-ECR-(VPC). Plaintiff raised the same issues in that action, although involving different officials at a different prison. Magistrate Judge Valerie P. Cooke determined that plaintiff's arthritis was not an objectively serious medical need, and that even if the arthritis was a serious medical need, the treatment that plaintiff is receiving is not deliberately indifferent to that need. The court adopted Judge Cooke's findings and granted summary judgment for the defendants and against plaintiff. Although the defendants in this action are different, the allegations of deliberate indifference are the same, and the complaint is meritless for the same reason.

Galego v. Baker, 3:12-cv-00043-RCJ-VPC, Order (#7). Again, the court finds that the amended complaint (#12) is without merit for the reasons that it has stated in the earlier actions.

Plaintiff's allegations become no better with repetition. Consequently, the court determines that any appeal taken from this decision would be in bad faith.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#12) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #92606), in the

months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that an appeal from the court's decision would not be taken in good faith.

Dated: May 17, 2013.

ROBERT C. JONES
Chief United States District Judge

-3-